ROBERT C. ZIMMERMAN, Secretary of State
In your letter of August 12, 1971, you pose a number of questions relating to oath administered by notaries public, and the use of the phrase, "So help me God."
The common law is that an oath is an acknowledgement or pledge by a person bound by his or her accountability to God or by his conscience to the Supreme Being that what he or she is averring is true. See cases cited inBlack's Law Dictionary, 4th ed. On the other hand, an affirmation is a solemn declaration of truthfulness without an appeal for divine guidance. Again, seeBlack's Law Dictionary, 4th ed.
Wisconsin recognizes this distinction. Section 887.03, Stats., provides:
"887.03 Oath, how taken. Any oath or affidavit required or authorized by law may be taken in any of the usual forms, and every person swearing, affirming or declaring in any such form shall be deemed to have been lawfully sworn."
Section 887.04, Stats., reads:
"887.04 Affirmations. (1) Every person who shall declare that he has conscientious scruples against taking the oath, or swearing in the usual form, shall make his solemn declaration or affirmation, which may be in the following form: Do you solemnly, sincerely and truly declare and affirm that the testimony you shall give in [here indicate the action, proceeding or matter on trial or being inquired into] shall *Page 430 
be the truth, the whole truth and nothing but the truth; and this you do under the pains and penalties of perjury.
"(2) The assent to the affirmation by the person making it may be manifested by the uplifted hand."
In considering these two statutory provisions, we must also read sec. 990.01 (24), Stats., which provides:
"(24) Oath. `Oath' includes affirmation in all cases where by law an affirmation may be substituted for an oath. If any oath or affirmation is required to be taken such oath or affirmation shall be taken before and administered by some officer authorized by the laws of this state to administer oaths, at the place where the same is required to be taken or administered, unless otherwise expressly directed, and, when necessary, duly certified by such officer. If an oath is administered it shall end with the words `so help me God.'"
In many places in the statutes the legislature uses the term "oath" when it is obvious that it meant to mean "oath or affirmation." For example, in ch. 6, entitled, "The Electors," the legislature uses "oath," "swear," and "affirm" (or variants) interchangeably. Section 6.15
(2) (a), Stats.: ". . . application . . . signed in the presence of . . . any officer authorized by law to administer oaths . . . . I, . . . hereby solemnly swear . . . ." Section 6.18, Stats.: ". . . I, . . . hereby swear or affirm . . . . Subscribe and sworn to . . . ." Section 6.30, Stats.: ". . . (b) He shall appear before any person authorized to administer oath . . . . The person administering the oath . . . ." Section 6.33 (2), Stats. "The registration affidavit form shall be substantially as follows . . . . I hereby swear (or affirm ) . . . ."
We may summarize, as follows: When a notary public administers an oath, the words, "So help me God" must be utilized, unless some other form of oath is set forth in or otherwise clearly allowed be the particular statute involved. This is in conformity with sec. 887.03, Stats.
If the deponent or declarer asserts "conscientious scruples against taking the oath" then, and only then, the notary public may "swear" the deponent or declarer in affirmation form as provided in sec. 887.04, Stats. *Page 431 
However, by virtue of secs. 887.03 and 990.01 (24), Stats., an affirmation has the same legal effect as does an oath. Therefore, the jurat, "subscribed and sworn," will embrace either the oath or affirmation situation. The jurat need not specify whether the words, "So help me God" were utilized since it will be presumed that the notary public administered the oath in accordance with law.
I note that sec. 137.01 (5), Stats., setting forth the powers of notaries public, grants the power to "administer oaths." While a very narrow construction of this section might lead to the conclusion that a notary public does not have the power to administer affirmations, in my opinion, this would not be a reasonable interpretation of this section. It is incongruous that the legislature would empower notaries public to administer oaths and consciously withhold the power to administer affirmations. Rather, when secs. 137.01
(5), 887.03 and 990.01 (24), Stats., are read in harmony, we must conclude that the word "oath" in sec.137.01 (5) necessarily includes "affirmations."
RWW:WHW